IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELLY HAROLD WILSON,

    Petitioner,                      No. 2:12-cv-0305 WBS KJN P

   vs.

R. GROUNDS, Warden,

    Respondent.                  FINDINGS & RECOMMENDATIONS

_____/

I. <u>Introduction</u>

        Petitioner is a state prisoner proceeding without counsel and in forma pauperis. Petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner's sole claim is that the 1996 criminal restitution order is exorbitant and was issued without benefit of a hearing to determine whether petitioner had the ability to pay more than the $200.00 minimum fine. (Dkt. No. 1 at 5.) Respondent filed a motion to dismiss this action because the petition is successive, petitioner's challenge to the restitution order fails to meet the "in custody" requirement of 28 U.S.C. § 2254(A), and the petition is untimely. Petitioner filed an opposition, and respondent filed a reply.[1]  For the reasons set forth below, the motion to

---

[1] On June 20, 2012, petitioner filed a document entitled "Objection to the Attorney General's Response." (Dkt. No. 16.) Local Rule 230(l) contemplates the filing of a motion, an opposition, and

1

dismiss should be granted.

II. Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").  However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).  "Summary dismissal is appropriate only where the allegations are vague [or] conclusory or palpably incredible, . . . or patently frivolous or false."  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (internal quotations and citations omitted).

III. Analysis

    A. Procedural History

The court's records reveal that petitioner has previously filed applications for a writ of habeas corpus attacking the 1996 conviction and sentence challenged in this case.  The first application was filed on September 1, 1999, and was denied on the merits on April 26, 2004.  Wilson v. Fairman, 2:99-cv-1711 JKS (E.D. Cal.), Dkt. No. 34.  The dismissal was with prejudice.  Id., Dkt. No. 34-35.  On March 6, 2006, the Ninth Circuit Court of Appeals affirmed the judgment.  Wilson v. Fairman, Case No. 04-16019 (9th Cir. 2006).

On August 3, 2007, petitioner filed a second application for a writ of habeas corpus attacking the 1996 conviction.  Wilson v. Evans, 2:07-cv-1577 LKK EFB (E.D. Cal.).

---

a reply.  The court did not order petitioner to file a response to respondent's reply; thus, petitioner's June 20, 2012 objection is disregarded.

2

Respondent moved to dismiss the action as successive and untimely; petitioner requested leave to withdraw the petition. Id., Dkt. Nos. 8, 11. On March 10, 2008, the application was dismissed without prejudice. Id., Dkt. No. 17.

On November 12, 2009, petitioner filed a third application challenging the 1996 conviction. Wilson v. Hedgpeth, 2:09-cv-3331 MCE DAD. On August 13, 2010, the application was dismissed without prejudice for lack of jurisdiction based on petitioner's failure to first seek authorization from the Ninth Circuit to file a successive petition. Id., dkt. no. 7.

On February 19, 2010, petitioner filed a document entitled "Application for Certificate of Appeal," and requested to file a successive petition, and included his ten claims challenging the 1996 conviction. Wilson v. People of the State of California, 2:10-cv-0433 FCD EFB. Petitioner was advised that he had filed his request in the wrong court, was instructed to file his request with the Ninth Circuit Court of Appeals, and this action was also dismissed for lack of jurisdiction. Id., Dkt. Nos. 8, 10.

On January 31, 2012, petitioner filed the instant action, challenging the restitution order issued with his sentence based on the 1996 conviction. (Dkt. No. 1.) Petitioner's prior applications for habeas relief did not include a challenge to the restitution order.

B. Lack of Subject Matter Jurisdiction

Habeas relief shall be granted to a person in custody pursuant to the judgment of a state court only on the ground that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254. The "in custody" requirement for a habeas petition pursuant to § 2254(a) is jurisdictional and thus is the first question a habeas court must consider. Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010). The requirement has two aspects: 1) the petitioner must be in custody at the time the petition is filed, and 2) the custody must be under the conviction or sentence under attack at the time the petition is filed. Id.

"Custody" includes physical imprisonment as well as other significant or severe restraints on liberty, but it does not include mere collateral consequences of a conviction. Id. at

3

978-80. The imposition of a fine, standing alone, is not sufficient to meet the jurisdictional requirements of § 2254. Id. at 979. Further, liability under a restitution order is not a sufficiently serious restraint on liberty to warrant habeas relief. Bailey, 599 F.3d at 979.

The mere fact that a petitioner is physically in custody when challenging a restitution order is insufficient to render the claim cognizable where the petitioner is not challenging the lawfulness of his custody under federal law. Bailey, 599 F.3d at 979-80, 984. Mere physical custody does not provide the required nexus between the petitioner's claim and the unlawful nature of the custody. Id. at 980-81. Rather, 28 U.S.C. § 2254(a) requires that the substance of the claim being asserted must challenge the legality of the custody on the ground that it is, or was imposed, in violation of the Constitution, laws, or treaties of the United States. Id.

Furthermore, the remedy for restitution claims -- eliminating or altering a money judgment -- has no direct impact upon, and is not directed at the source of the restraint upon, the petitioner's liberty. Instead, the remedy would affect only the fact or amount of the restitution that has to be paid, not the fact or duration of petitioner's confinement. Id. at 981.

Because the defect in the application relates to the nature of the claim and not to the absence of allegations of specific facts with respect to the claim, it would be futile to grant leave to amend. Therefore, because petitioner is not "in custody" within the meaning of 28 U.S.C. § 2254(a) as to petitioner's restitution claim, the court lacks subject matter jurisdiction over the petition. When a federal court concludes it lacks subject matter jurisdiction, the court must dismiss the action. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006); Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011). Thus, the petition should be dismissed for lack of subject matter jurisdiction.

C. Alternative Grounds

Because the court recommends dismissal based on the lack of subject matter jurisdiction, the court need not address respondent's alternative grounds for dismissal.

IV. Conclusion

IT IS HEREBY RECOMMENDED that:

1. Respondent's April 12, 2012 motion to dismiss be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any reply to the objections shall be filed and served within fourteen days after service of the objections. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 6, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

will0305.mtd