IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KELLY HAROLD WILSON,

    Petitioner,                   No. 2:12-cv-0305 WBS KJN P

    vs.

R. GROUNDS, Warden,

    Respondent.               ORDER

_____/

        Petitioner is a state prisoner proceeding without counsel. On August 9, 2012, this action was dismissed without prejudice. (Dkt. No. 20.) The court found that because petitioner was not "in custody" within the meaning of 28 U.S.C. § 2254(a) as to petitioner's restitution claim, the court lacked subject matter jurisdiction over the petition, and the court must dismiss the action. (See Dkt. No. 17 at 4.)

        On September 5, 2012,[1] petitioner filed a motion for reconsideration, which the court construes as a motion for relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. No. 22.) On October 1, 2012, respondent filed an opposition.

////

---

[1] See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

1

1    Rule 60(b) provides:

2    (b) Grounds for Relief from a Final Judgment, Order, or
     Proceeding. On motion and just terms, the court may relieve a
3    party or its legal representative from a final judgment, order, or
     proceeding for the following reasons:
4
     (1) mistake, inadvertence, surprise, or excusable neglect;
5
     (2) newly discovered evidence that, with reasonable diligence,
6    could not have been discovered in time to move for a new trial
     under Rule 59(b);
7
     (3) fraud (whether previously called intrinsic or extrinsic),
8    misrepresentation, or misconduct by an opposing party;

9    (4) the judgment is void;

10   (5) the judgment has been satisfied, released or discharged; it is
     based on an earlier judgment that has been reversed or vacated; or
11   applying it prospectively is no longer equitable; or

12   (6) any other reason that justifies relief.

13   Fed. R. Civ. P. 60(b).

14          Petitioner's motion is unavailing. Petitioner again argues the merits of his claim
15   that the trial court erred in its sentence regarding restitution. Petitioner contends that this court
16   has a duty to correct the alleged error in the restitution order. However, as this court previously
17   found, the Ninth Circuit has explicitly held that "an attack on a restitution order is not an attack
18   on the execution of a custodial sentence . . . [Thus,] § 2254(a) does not confer jurisdiction over a
19   challenge to a restitution order." <u>Bailey v. Hill</u>, 599 F.3d 976, 892–83 (9th Cir. 2010) (citing
20   <u>United States v. Kramer</u>, 195 F.3d 1129 (9th Cir. 1999)). Because the instant petition only
21   challenges the restitution portion of petitioner's sentence, the "custody" requirement of Section
22   2254(a) is not satisfied, and the court does not have jurisdiction to entertain petitioner's claims.
23   Accordingly, petitioner's motion for relief from judgment in the instant case will be denied.
24   ////
25   ////
26   ////

1    Finally, this court finds that petitioner fails to make the requisite showing that
2 jurists of reason would find it debatable whether this was correct in its ruling.  <u>Slack v.</u>
3 <u>McDaniel</u>, 529 U.S. 473 (2000).  Thus, the court declines to issue the certificate of appealability
4 referenced in 28 U.S.C. § 2253.
5    IT IS HEREBY ORDERED that:
6    1. Petitioner's September 10, 2012 motion (dkt. no. 22) is denied; and
7    2. The court declines to issue the certificate of appealability referenced in 28
8 U.S.C. § 2253.
9 DATED:    October 10, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

cw
ils0305.60b